"STATE OF NORTH CAROLINA, ) Superior Court of law, the first Wayne County. ) Monday after the fourth Monday of) March, 1817.
The Jurors for the State, upon their oath present, that at a Court of Pleas and Quarter Sessions holden for the County of Wayne, before the Justices of the said Court, on the third Monday of November, in the year of our Lord one thousand eight hundred and sixteen, at the town of Waynesboro, in the said county of Wayne, agreeably to the act of the General Assembly in such case made and provided, a certain issue duly joined in the said Court, between John Ammons and Robert G. Green, in a certain plea of trespass on the case upon promises, in which the said John Ammons was the Plaintiff, and the said Robert G. Green the Defendant, came on to be tried in due form of law, and was then and there tried by a Jury of the county in that behalf duly sworn and taken between the parties aforesaid: and the jurors aforesaid, upon their oath aforesaid, do (124) further present, that upon the trial of the said issue so joined *Page 98 
between the parties aforesaid, Joshua Ammons late of the County of Wayne, laborer, appeared as a witness for and in behalf of the said Robert G. Green, the Defendant in the issue aforesaid, and was sworn, and then and there took his corporal oath upon the holy gospel of God before the said Court, to speak the truth and nothing but the truth, touching and concerning the matter in question in the said issue, the said Court then and there having sufficient and competent power and authority to administer an oath to the said Joshua Ammons in that behalf: And the Jurors aforesaid, upon their oath aforesaid, do further present, that upon the trial of the said issue so joined between the parties aforesaid, certain questions then and there became and were material, that is to say, whether he the said Joshua Ammons had sold to the said Robert G. Green, the Defendant, a certain quantity of pork belonging to the said John Ammons, the Plaintiff, and the brother of the said Joshua Ammons, and whether he the said Joshua Ammons had told him the Said Robert G. Green, that he the said Robert G. Green could have a certain quantity of pork belonging to the said John Ammons, the brother of the said Joshua Ammons, at the price of seven dollars and a quarter the hundred weight, and that the said Joshua Ammons being so sworn as aforesaid, not having the fear of God before his eyes, nor regarding the laws of the State, but being moved and seduced by the instigation of the Devil, and falsely, wickedly, wilfully and maliciously contriving and intending as much as in him lay, to prevent justice, and to prevent the due course of law and to cause a verdict to pass against the said Robert G. Green on the trial of the said issue, and thereby to subject him the said Robert G. Green to the payment of sundry heavy costs, charges, and expenses, then and there on the twentieth day of November, in the year of our Lord one thousand eight hundred and sixteen aforesaid, at the County of Wayne aforesaid, falsely, wickedly, wilfully, maliciously and corruptly, and by his own act and consent did say, depose, swear, and give in evidence, among other things, to and before the said Jurors so sworn to try the said issue as aforesaid, and the said Court, in substance and to the effect following, that is to say, that he the said Joshua Ammons did not sell his brother's pork (meaning the aforesaid quantity of pork belonging to the said John Ammons, the brother of the said Joshua Ammons) to the said Robert G. Green: and that he (meaning the said Joshua Ammons) did not tell him (meaning the said Robert G. Green) that he (meaning the said Robert G. Green) could have the pork (meaning the aforesaid quantity of pork belonging to the said John Ammons) at the price of seven dollars and a quarter the hundred weight: whereas in truth and in fact, he the said Joshua Ammons, before the taking of his oath as (125) aforesaid, to-wit, on the seventh day of January in the year of our Lord one thousand eight hundred and sixteen, at the County of Wayne aforesaid, had sold to him the said Robert G. Green, the aforesaid quantity of pork belonging to the said John Ammons; and whereas in truth and in fact the said Joshua Ammons, before the taking of his oath as aforesaid, to-wit, on the said seventh day of January, in the year last aforesaid, at the County of Wayne aforesaid, had told the said Robert G. Green that he the said Robert G. Green could have the aforesaid quantity of pork belonging to John Ammons, the brother of the said Joshua Ammons, at the price of seven dollars and a quarter the hundred weight: And the Jurors *Page 99 
aforesaid, upon their oath aforesaid, do say, that the said Joshua Ammons, on the said twentieth day of November, in the year of our Lord one thousand eight hundred and sixteen aforesaid, at the County of Wayne aforesaid, before the said Court, having competent and sufficient power and authority to administer the said oath to the said Joshua Ammons as aforesaid, by his own act and consent, and of his own most wicked and corrupt mind and disposition, in manner and form aforesaid, upon his oath aforesaid, did falsely, wickedly, wilfully, maliciously and corruptly commit wilful and corrupt perjury, to the great displeasure of Almighty God, in contempt of the laws of the State, to the great damage of the said Robert G. Green, to the evil example of all others in like cases offending, contrary to the act of the General Assembly in such cases made and provided, and against the peace and dignity of the State.
J. R. DONNELL, Sol."
Upon the trial of the indictment, the Solicitor for the State offered in evidence the following certified copy of the record of the suit named in the indictment; to-wit:
"STATE OF NORTH CAROLINA.
"The the Sheriff of Wayne County, Greeting:
"You are hereby commanded to take the body of Robert G. Green, if to be found in your County, and him safely keep so that you have him before the Justices of our Court of Pleas and Quarter Sessions at the Court to be held for the County of Wayne, at the Court-house in Waynesborough, on the third Monday in May next, then and there to answer John Ammons in a plea of trespass on the case to his damage four hundred pounds. Herein fail not and have you then and there this writ. Witness, John McKinnie, Clerk of said Court at Office, the third Monday of February, A.D. 1816, and in the 40th year of our Independence.
"JOHN McKINNIE, C. C.
"Issued 6 April, 1816."
"The subscribers acknowledge themselves bound in the sum (126) of one hundred pounds for the prosecution of this suit.
"JOHN AMMONS, (Seal.)
"H. COOR, (Seal.)
"Executed,
"WM. RAIFORD, Sheriff.
"STATE OF NORTH CAROLINA, ) Court of Pleas and Quarter Sessions, Wayne County. ) November Term, 1816.
"JOHN AMMONS v. ROBERT G. GREEN.
"Writ Case.
"Jury charged, find for the plaintiff on all the issues, and assess his damages to four hundred and twenty-three dollars and thirty cents, and costs; of which $405.08, is principal."
On behalf of the Defendant, it was urged upon the trial, that this copy of the record did not show that any issue had been *Page 100 
joined between the parties, and therefore did not support the charge in the indictment. — The Jury found the Defendant guilty; and a rule for a new trial being obtained, the same was sent to this Court.
In a case of perjury, it is necessary to be charged that the oath was taken in a judicial proceeding before a competent jurisdiction, and upon a point material to the issue depending. 1 Term, 69. In the indictment, it is necessary to set forth the record of the cause wherein the perjury complained of, is charged to have been committed, and also to prove on the trial that there is such a record, by producing it; and when produced it must agree with that set forth in the indictment, without any material variance. 1 Haw. 332, Sect. 23, 6 Mod., 168. In this case, the indictment states that the perjury was committed "on a certain issue duly joined in the said Court between Robert Ammons and Robert G. Green." The record produced does not shew that there had been any issue joined. The copy of the record is certified by the proper officer of the Court, and we are bound to receive it as a true copy, though the fact may be, (and the finding of the Jury renders it probable) that the issue had been joined. "The (127) Jury find for the Plaintiff on `all the issues,'" when it does not appear that any issue had been joined. In the case of the King v. Dowlin (5 Term, 311), where the Defendant was indicted for perjury committed on the trial of captain Kimber for murder, one reason urged in arrest of judgment was, that no plea appeared by the record to have been pleaded on the trial of Kimber, and consequently there could not have been a legal trial, in which perjury could have been committed. The Court seemed to think this might have been a good reason at common law; but that by the statute of Geo. II, ch. 11, it is not necessary to set forth the record or any part thereof, in which the perjury is alleged to have been committed, but only to set forth the substance of the offence charged upon the Defendant; and in that case, the indictment did not recite the record of the trial against Kimber, but only stated that at a Court of Oyer and Terminer, Kimber was in due form of law tried upon a certain indictment for the murder of A. Our act of Assembly passed in 1791, ch. 7, sect. 3, is copied from that statute. But the difference between the case of the King v. Dowlin and the present case, is this; in that case the indictment did not recite the record in which Kimber was tried, and in which it was alleged the perjury was committed; in this case, the indictment recites the record, and no such record as that *Page 101 
recited is produced. It is not necessary that the record should be recited; yet if it be attempted, the recital must be correct, or the prosecution must fail. 2 Haw. 349. King v. Dowlin, 5 Term, 311. 5 Bur., 2084. 2 Stra., 775. The rule for new trial must be made absolute.
 Cited: S. v. Green, 100 N.C. 550. (128)